## ESTES *v.* STATE.

(In Banc. Feb. 9, 1942.)

[6 So. (2d) 132. No. 34882.]

Z. A. Brantley, of Louisville, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

Griffith, J., delivered the opinion of the court.

At and during the regular July, 1941, term of the circuit court of Winston County, a verified information in contempt was filed therein against appellant; the information, formal parts omitted, reading as follows:

"Now comes J. P. Coleman, District Attorney in and for the Fifth Circuit Court District of the State of Mississippi, and respectfully informs the Court of the following facts, to-wit:

"That heretofore, on or about July 21, 1941, while this Honorable Court was regularly in session, one L. A. Warner was on trial before a jury, charged with the offense of assault and battery with intent to kill and murder one

E. M. Livingston. That during the course of said trial one Curtis Estes was produced as a witness for the defense and was questioned by the District Attorney on cross-examination, among other things, as follows: As to whether or not Curtis Estes had not pleaded guilty or been convicted of participation in the same incident that gave rise to the prosecution then on trial: whether or not he was related to the defendant, which drew the information that said Curtis Estes was a brother-in-law of the defendant, and said Curtis Estes having every appearance of being intoxicated on the witness stand was further asked by the District Attorney if he was not chewing gum, to which he answered in the affirmative, and if he was not smoking a cigaret at the same time, while testifying, to which he answered in the affirmative.

"And further upon being released from the cross-examination said Curtis Estes upon retiring from the witness stand walked directly past the District Attorney, said Estes facing the crowded courtroom, and then and there, within ten feet of the Judge's bench, and while another witness was being called, gritted his teeth at the District Attorney and scowled at him in a hostile and threatening manner and said through his teeth 'I'll see you when you come down.'

"All of which was then and there done by the said Curtis Estes by threats and abuse in an attempt to intimidate the prosecuting attorney in the discharge of his duties, and an act denounced by the laws of the State of Mississippi and committed in the very presence of the Court itself, and was and is an expression of contempt for this Honorable Court.

"Therefore, that the said Curtis Estes should be cited to appear before this Honorable Court and show cause, if any he can, why he should not be adjudged guilty of contempt of Court and punished for the same according to law."

On the same day a citation was ordered, was issued and was served personally upon appellant, by which he was

notified to appear before the court at a future day and hour of the term, specified in the citation, to answer, etc. Appellant filed no answer, failed to appear personally; nor did he appear by counsel, but wholly made default. The state proceeded, on the day fixed, to produce testimony which supported in every material respect the allegations of the information. The court thereupon entered judgment valid and sufficient in form and contents by which appellant was sentenced to serve thirty days in jail.

Any words or conduct which impedes, embarrasses, obstructs, defeats or corrupts the administration of courts of justice or which to a substantial degree is calculated, or which tends so to do, is a contempt and within the protection of the rule. are included all those who are actually a part of the official personnel of the court and when the prohibited language or conduct has a real relation to the discharge by them of official functions appertaining to the court as a court, and so long as the protected person is acting in a lawfully. authorized manner. And it is immaterial that the prohibited language or conduct had no successful eventuation.

The duty of the district attorney in the prosecution of indictments is to act fairly, but nonetheless his obligation to the state is to proceed fearlessly. He is not required or expected to engage in brawls, and he is not to be menaced or threatened, either in the courtroom or elsewhere, during a term of court wherein he is serving, because of his actions in the discharge of his official duties, so long as he is within his legitimate province and has not himself become a lawbreaker under the pretense of official conduct. It would be contrary to the public interest that his mental energies should be diverted from his responsible tasks by apprehensions induced through menaces or threats as to what may happen to him personally on account of the independent and vigorous performance of his duties, and it is the obligation of the court which he serves to apply the proper disciplinary measures against those who purposely disregard the stated prohibition.

That the conduct shown in this case falls within the rule, no more is necessary than the statement of that conduct, and certainly so when undenied and unexplained as it stands in this record, in which connection an interesting case is In re McDonald, 110 Pa. Super. 352, 168 A. 521. And only two suggestions are now interposed by appellant as reasons why the judgment should not be affirmed: One is that the conduct of the district attorney was such as to provoke what appellant did, and the other is that the judge did not himself see or hear what happened; and appellant quotes a sentence from Neely v. State, 98 Miss. 816, 819, 54 So. 315, 316, 33 L. R. A. (N. S.) 138, Ann. Cas. 1913B, 281, in which the court said: ''There can be no such contempt of court, unless the trial judge is conscious of it.''

There is nothing in this record which indicates that in his cross-examination of appellant as a witness the district attorney went beyond the legitimate course of such an examination, unless it be said that the district attorney had nothing to do with the conduct of the witness in his smoking of cigarettes while on the witness stand—that this was a matter for the attention of the sheriff under the direction of the trial judge. But this feature does not aid appellant, in that it introduces the probability that as a background of his subsequent conduct he had less than the average respect for the court in session and its proprieties when he assumed and acted upon the assumption that a witness stand is a suitable or permissible place for cigarette smoking.

And as to the expression found in the Neely case: That was where the judge had proceeded summarily without a formal information, a citation and an opportunity to be fully heard in response thereto, which, as already shown, is not the case here.

Affirmed.