Donald Eugene ROBINSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17312.

Court of Criminal Appeals of Oklahoma.

Sept. 6, 1972.

Rehearing Denied Sept. 29, 1972.

Stephen Jones and Michael P. Atkinson, Enid, for appellant.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for appellee.

## MEMORANDUM OPINION

SIMMS, Judge:

Appellant, Donald Eugene Robinson, during the course of a jury trial in the District Court of Oklahoma County wherein he was charged with the offense of Carrying a Concealed Weapon, After Former Conviction of a Felony, and subsequently pled guilty to the lesser included offense of Carrying a Concealed Weapon; was found guilty of Contempt of Court and summarily sentenced to a term of six months in the County Jail and fined the sum of $1,000.00 by District Judge Harry L. S. Halley.

Without reaching the merits of the purported appeal or the Motion to Dismiss filed by the Attorney General and the Response to said Motion, we are compelled to consider a pleading filed by the appellant and styled, "Application to Enlarge Record to Include Previously Designated Instruments."

By that application, appellant advised this Court, inter alia:

"1. That by inadverterance [sic] and scrivner's error the Judgment and Sentence was not included in the Original Record, though designated."

An examination of the original record reveals that, in fact, there is no judgment and sentence, and further, an examination of the Designation of Record reveals that the judgment and sentence was *not* designated.

This Court has since received, by mail, from attorneys for the appellant, two instruments which purport to be certified copies of the judgment and sentence. While both instruments bear the Court Clerk's certification stamp, and the signature of the sentencing Judge, neither bears the filing stamp required for compliance with 22 O.S.1971, § 977, and leave some doubt as to whether the instruments are actually of record. We note further the judgment and sentence received August 2, 1972, differs materially from the purported judgment and sentence in that the former appears to be a standard criminal form, while the latter is the form used for indirect civil contempt by reason of the willful failure and refusal to comply with an order of the court directing payment, a set of facts which bears no resemblance to the record in the instant case.

Notwithstanding the duplicitous flurry of tardy documentation, the pretermitted judgment and sentence is fatal to the purported appeal. When an appeal is lodged in this Court for an alleged judgment and sentence of conviction, and the transcript or original record contains no copy of the formal judgment and sentence, this Court does not acquire jurisdiction of the appeal and the same shall be dismissed. Condo v. State, Okl.Cr., 389 P.2d 648 (1964); Baker v. State, Okl.Cr., 496 P.2d 1195 (1972).

It is, therefore, the opinion and order of this Court that the attempted appeal filed herein should be and the same is hereby dismissed for the reason and on the ground that the Court has never acquired jurisdiction of same. See, however, the provisions of 22 O.S.1971, § 1080 et seq. Appeal dismissed.

BUSSEY, P. J., concurs.

BRETT, J., dissents.