Donald Eugene ROBINSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. 17825.

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1972.

Stephen Jones, Enid, for appellant.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for appellee.

ORDER GRANTING POST CON-
VICTION RELIEF AND MEM-
ORANDUM OPINION

BUSSEY, Presiding Judge:

Appellant was found guilty of Direct Contempt of Court and was sentenced to six months in the County Jail and fined the sum of One Thousand Dollars ($1,000.-00) by District Court Judge Harry L. S. Halley in the District Court of Oklahoma County, Oklahoma, September 7, 1972. The alleged contemptuous conduct arose during the trial of the appellant, before a jury, on a charge of Carrying a Concealed Weapon, After Former Conviction of a Felony.

The record reflects that during the cross-examination of one of the State's witnesses, in response to a question, the witness, George A. Buddy Burns, answered a question and the appellant stated, "You're a god damn liar."

The record reflects the original appeal from the judgment and sentence of contempt was dismissed by Order of this Court, 501 P.2d 215, on September 6, 1972 on a jurisdictional defect and rehearing was denied on September 29, 1972. Thereafter, appellant filed an application for post conviction relief in the trial court, which application was denied on October 10, 1972 by District Judge Clarence Mills. It is from that denial, appellant appeals.

Judge Mills' findings of fact and conclusions of law indicate that his court found no violation of any constitutional or statutory right of the appellant.

Initially, appellant contends that his conduct in the courtroom does not constitute direct criminal contempt. We disagree.

Virtually the same words, "You are a damned liar," were found to be such contempt in Gridley v. United States, 44 F. 2d 716 (Sixth Circuit, 1930), cert. denied, 283 U.S. 827, 51 S.Ct. 351, 75 L.Ed. 1441. We hold that such an outburst in the presence of a court and jury during the course of a proceedings does, in fact, constitute direct criminal contempt in the State of Oklahoma.

We must, however, disagree with the finding below that there was no violation of statutory right and we must agree with appellant's contention, raised originally, that the judgment and sentence imposed does not comport with 21 O.S. 1971, § 568. Quoting directly from the statute:

"Whenever a person shall be imprisoned for contempt the substance of the offense shall be set forth in the order for his confinement, and made a matter of record in the court."

The record reflects in this case that that was not done.

We have held further that summary punishment for direct contempt in the court's immediate presence may be imposed without formal written charge, and a formal entry showing proceedings constitutes a full record but the court may adopt such mode of trying the question of contempt as it deems proper so long as the person charged is given an opportunity for explanation and defense. Young v. State, Okl.Cr., 275 P.2d 358 (1954).

*Young*, supra, also construes Section 568, supra, in that the order of commitment must recite the facts making the offense a direct contempt and that the statute is mandatory in its terms. The record in this case reflects that such a commitment order was never entered and we hold that such omission does not comply with the guidelines in *Young, supra*.

It is, therefore, the order of this court that appellant's conviction for Direct Contempt is reversed and remanded for proceedings consistent with this opinion.

BRETT, J., concurs.