**Leslie BROWN, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M-84-683.**

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1986.

Rehearing Denied Dec. 12, 1986.

Leslie Brown, Jr., Muskogee, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

Leslie Brown, Jr., pro se.

## OPINION

PARKS, Presiding Judge:

The appellant, Leslie Brown, Jr., was convicted of Direct Contempt of Court in the District Court of Muskogee County, Oklahoma, Case No. CRM–84–105. The court set punishment at thirty (30) days confinement in the county jail and a fine of $1,000.00. We affirm.

While presiding over an ongoing felony trial, the Honorable Judge Lyle Burris ordered a short recess. During the recess, the appellant, who was counsel for one of the co-defendants, confronted a prosecution witness in the hallway immediately outside the courtroom and accused him of lying on the witness stand. The accusation was in the presence of, and loud enough to be heard by, jurors and other persons associated with the trial. The appellant had previously been warned by Judge Burris, during cross-examination of another witness, that it was improper conduct to "call somebody a liar." The Assistant District Attorney and another trial witness testified at an *in-camera* Hearing that they had heard the appellant accuse the witness of lying on the witness stand. At a later hearing before Judge Burris on a motion for new trial, one of the jurors in the case testified that he was in the hallway during the recess and heard appellant call the witness a liar. At the conclusion of the hearing on the motion for new trial, Judge Burris cited the appellant for direct contempt of court.

However, Judge Burris later vacated that finding and the case was reassigned to Judge William H. Bliss. After a full hearing at which the appellant was given the opportunity to be represented by counsel, Judge Bliss concluded, as a matter of law, that the appellant was in direct contempt of court for accusing the witness of lying.

■ The appellant raises four assignments of error on appeal. In his first assignment of error, the appellant alleges that since there was no summary punishment, he was entitled to be notified of the alleged contemptuous conduct by writing. Title 22 O.S.1981, § 301 provides in part that, "[e]very felony must be prosecuted by indictment or information in the district ... court. Misdemeanors must be prosecuted by information, except as otherwise provided by law...." However, in *Gilbert v. State*, 648 P.2d 1226 (Okl.Cr.1982), this Court found that though contempt may be

docketed as a misdemeanor, its nature was neither criminal nor civil, but *sui generis.* *See also Board of Governors v. Cryan,* 638 P.2d 437 (Okl.1981); and *Fulreader v. State,* 408 P.2d 775 (Okl.1965). Since contempt is not considered to be a crime in Oklahoma, a contemnor has no right to a written accusation. Therefore, this assignment of error is without merit.

■ In his second assignment of error, the appellant alleges that his conduct did not occur in court, or in the presence of the judge, and therefore was not a direct contempt of court. We disagree. The Oklahoma Legislature, pursuant to Constitutional mandate,[1] has designated certain conduct as contemptuous. In Title 21 O.S. 1981, § 565, the Legislature provided that:

> Contempt of court shall be divided into direct and indirect contempts. Direct contempts shall consist of disorderly or insolent behavior committed during the session of the court and in its immediate view, and presence, and of the unlawful and willful refusal of any person to be sworn as a witness, and the refusal to answer any legal or proper question; and any breach of the peace, noise or disturbance, so near to it as to interrupt its proceedings, shall be deemed direct contempt of court, and may be summarily punished as hereinafter provided for. Indirect contempts of court shall consist of willful disobedience of any process or order lawfully issued or made by court; resistance willfully offered by any person to the execution of a lawful order or process of a court.

This Court has long held that the word "court" does not refer merely to the judge. Rather, it consists of a combination of the courtroom, the judge, the jury and the jury-room. Moreover, "whenever any constituent part of the court is engaged in the prosecution of the business of the court according to law, there the court is present." *Moss v. Arnold,* 63 Okl.Cr. 343, 75 P.2d 491, 505–6 (1938). In *Moss,* this Court held that:

> Any disorderly, contemptuous, or insolent behavior committed in the presence of any one of the constituent parts of the court while engaged in the business devolved upon it by law *must* be a contempt committed in the *immediate* view and presence of the court.

*Id.* at 506 (emphasis added). *See Woody v. State ex rel. Allen,* 572 P.2d 241, 244 (Okl. Cr.1977).

Although the appellant's action in the instant case occurred outside the courtroom, it occurred within hearing of witnesses and jurors during a court imposed recess. While the judge may not have been physically present when the appellant accused the witness of lying, a court is still in session during a recess and the accusation occurred in the presence of the court, due to the presence of a constituent part— some of its jurors. *See Moss v. Arnold, supra.* Finding further that conduct of this nature is insolent and demoralizing of the court's authority, we hold that the appellant's behavior constituted a direct contempt of court. Therefore, this allegation is without merit.

Having determining that the appellant's conduct constituted direct contempt of court, we find that his third and fourth assignments of error are without merit since they were contingent upon a finding of indirect contempt of court.

For the reasons herein stated, the order adjudging the appellant in direct contempt of court is AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., dissents.

BRETT, Judge, dissenting.

I dissent to the results of this decision. It is noted in the findings of fact that on March 7, 1984, the trial judge directed the State to prepare charges against appellant for indirect contempt of court. This was done after the trial was concluded and the defendant was sentenced. The alleged contempt occurred during that trial. Some-

---

1. *See* Okla. Const. art. II, § 25.

where along the line the indirect contempt evolved into direct contempt.

I believe the opinion stretches the view of the court to the extreme. The alleged statements were not made "in the session of the court and in its immediate view," as required by 21 O.S.1981, § 565. The alleged statements were made in the hallway during a court recess. Also, the alleged statement made in the presence of one juror was not of sufficient concern for the State to move for a mistrial. Consequently, there appears to have been no prejudice to the State.

If the alleged statement was contempt at all, it is obvious to this writer that it would have been indirect contempt. In that event the contemnor was entitled to have formal charges made against him and to have had a jury trial as was demanded. Okla. Const. art. II, § 25. That also seemed to have been the position of the trial judge, when he directed the district attorney to prepare indirect contempt charges.

Therefore, I respectfully dissent to this decision.