Albert **BARNES**, Marcus Deneane Dansby, Daymond Laron Douglas, Larry Dieone Gardner, Opel Earl Gause, Rudolph Valentino Irving, Brion Lemar Thigpen, Markeith Devon Walker, Jeffrey Lee Williams, Kevin Dewayne Williams, Appellants,

v.

The **STATE** of Oklahoma, Appellee.

No. M–92–613.

Court of Criminal Appeals of Oklahoma.

Jan. 14, 1993.

## ACCELERATED DOCKET ORDER

The above named Appellants were each found in direct contempt of court in Case No. CM–92–67 in the District Court of Tulsa County. The contempt citations arose out of a disturbance which occurred in the Tulsa County Jail on January 16, 1992. Noise caused by the disturbance was so loud that it disrupted proceedings in Judge David E. Winslow's courtroom. Subsequently, Judge Winslow had the Appellants brought before him in three separate groups, and on each occasion summary direct contempt proceedings were held on the record. At the conclusion of each of the three proceedings, Judge Winslow found each Appellant guilty of direct contempt of court and sentenced them to thirty (30) days in the county jail. From this order adjudging them in direct contempt, the appellants now appeal.

Pursuant to Rule 11.3, *Rules of the Oklahoma Court of Criminal Appeals,* 22 O.S.1991, Ch. 18, App., this appeal was assigned to the Accelerated Docket of this Court. The propositions of error were presented to this Court in oral argument on November 19, 1992, pursuant to Rule 11.-5(c) of the Rules of this Court.

Appellants raise the following issues on appeal: (1) that the acts the Appellants were accused of committing did not constitute direct contempt of court; and (2) that summary direct contempt proceedings were inappropriate in this case and denied the Appellants of their sixth amendment guarantee of assistance of counsel and right to cross-examine the witness against them. We find merit in Appellants' first allegation of error.

During the jail disturbance, Appellants were yelling, screaming and making a commotion in their tanks. Some had pulled up aluminum tables and were banging them. The Appellants were incarcerated on the eighth floor of the Tulsa County Courthouse. Judge Winslow's courtroom and chambers were located on the seventh floor just below the jail.

As provided by 21 O.S.1991, § 565, direct contempt does include noises or disturbances so near as to interrupt the court. *See also Brown v. State,* 728 P.2d 494 (Okl.Cr.1986). However, 21 O.S.1991, § 565.1(B) provides that censure can only be imposed by the trial judge if:

1. it is clear from the identity of the offender and the character of his acts that disruptive conduct is willfully contemptuous; or

2. the conduct warranting the sanction is preceded by a clear warning that the conduct is impermissible and that specified sanctions may be imposed for its repetition.

As the Appellants received no warning that their conduct was impermissible, we must concentrate solely on Section 565.-1(B)(1). Judge Winslow did not personally view the disruption or know the identity of those involved in the disturbance. The identity of the defendants was made by unsworn testimony without any right of cross-examination even though such was requested. Additionally, it is unclear from the record whether the disturbance was actually intended to disturb court proceedings or just the county jail. Although the noise was very disruptive, the record failed to disclose whether appellants knew their conduct was affecting court proceedings.

Under these circumstances, the record does not clearly support a finding that the Appellants' acts were willfully contemptuous.

We sympathize and realize that disturbances of this nature are very common. However, 21 O.S.1991, § 565.1(B) is very specific. Under appropriate circumstances, censure under Section 565.1(B)(1) could be appropriate when dealing with disruptions of this nature. However, the appeal record here is not sufficient to support such a finding.

IT IS THEREFORE ORDERED BY THIS COURT, by a unanimous vote of five (5) to zero (0), that the order adjudging each of the Appellants in direct contempt be REVERSED and REMANDED with orders to DISMISS.

IT IS SO ORDERED.

/s/ James F. Lane
James F. Lane, Presiding Judge
/s/ Gary L. Lumpkin
Gary L. Lumpkin, Vice Presiding Judge
/s/ Tom Brett
Tom Brett, Judge
/s/ Ed Parks
Ed Parks, Judge
/s/ Charles A. Johnson
Charles A. Johnson, Judge