SCHWARTZ, Chief Judge.
On the way into the courtroom for his delinquency hearing, the juvenile appellant kicked the courtroom door. When the bailiff, who was following him, told him not to do that, R.C. told him in return to “go f~k yourself.”[1] We hold that the trial judge properly found, on the basis of this conduct, that R.C. was guilty of direct criminal contempt. In our view, even though the incident occurred technically outside the courtroom, the scatological language directed at an officer of the court in the due execution of his duty was clearly “calculated to lessen [the court’s] authority or its dignity,” and was therefore contemptuous. Ex parte Crews, 127 Fla. 381, 389,173 So. 275,279 (1937); see Woody v. State ex rel. Allen, 572 P.2d 241 (Okla.Crim.App.1977) (defendant leaving courtroom making obscene gestures and threatening police officer-witnesses found to be willfully contemptuous); Estes v. State, 192 Miss. 400, 6 So.2d 132 (1942) (witness gritting teeth and scowling at district attorney in threatening manner in courtroom and stating “I’ll see you when you come down” constitutes contempt); see also Carroll v. State, 350 So.2d 723 (Ala.Crim.App.1977) (venireperson using vulgar language to court reporter in courtroom while judge temporarily absent constitutes constructive contempt); People v. Reeves, 23 Ill.App.3d 579, 319 N.E.2d 567 (1974) (respondent striking assistant state attorney in corridor outside courtroom constitutes indirect criminal contempt).[2]
Affirmed.

. The judge was also in the area and himself heard the offending remark. After the hearing, which was therefore properly conducted summarily under Fla.RJuv.P. 8.285(a), see Fla. R.Crim.P. 3.830, he concluded that the statement had been directed only at the bailiff, and not at him.

. This case does not involve the perceived procedural deficiency, and we do not share the self-tortured reticence to enforce the trial court's contempt authority which together drove the decision in Schenck v. State, 645 So.2d 71 (Fla. 4th DCA 1994). Indeed, this court has very recently PCA'd a determination that a defendant who, almost exactly like Schenck, said "f-k you” as she was leaving the courtroom, was in contempt. See Best v. State, 648 So.2d 734 (Fla. 3d DCA 1994).