**Joe L. ROSELLE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18033.**

Court of Criminal Appeals of Oklahoma.

April 18, 1973.

Guy A. Secor, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Cleveland County, Case No. C–71–524, Appellant, Joe Roselle, was convicted for the offense of Contempt in a Summary Proceedings on the 20th day of September, 1971, before District Court Judge Elvin Brown. His punishment was fixed at a fine of $100. On November 28, 1972, Okl.Cr., 503 P.2d 1293, appellant's attempted appeal was dis-missed for a jurisdictionally fatal omission. On December 28, 1972, appellant filed an application for post-conviction relief which the Court denied in an order dated January 2, 1973. From the trial court's denial of a post-conviction relief, appellant has perfected a timely appeal to this Court.

Appellant was attorney of record for Leona T. Miller, the defendant in a criminal suit scheduled for trial on September 2, 1971, Cleveland County Court Docket. On the above date, the docket was sounded by Associate District Judge David Rambo with the Miller case set for trial the following morning at 9:00 a. m. Appellant appeared in Judge Rambo's courtroom at approximately 9:15 the following morning and with dispatch directed to Judge Brown's courtroom where the following proceedings were recorded:

BY THE COURT: Well, I am trying to find out if there is any excuse for your being late. Is this the first time that you have come down here?

BY MR. ROZZELL: No.

BY THE COURT: Mr. Rozzell, is there any reason known to you why the Court should not hold you in contempt?

BY MR. ROZZELL: Well, I don't know. If the Court wants it that way —

BY THE COURT: I consider that you have willfully disobeyed the order of the Court

BY MR. ROZZELL: (no answer)

BY THE COURT: Does your clock now show it to be 9:15?

BY MR. ROZZELL: My clock shows it to be 9:10. I am sure that your clock is correct.

BY THE COURT: Mr. Rozzell, when we have cases set at 9:00, we expect the lawyers and parties to be present. Only an act of God excuses. Poor planning is not defensible. Our cases are set at 9:00, and the Court finds you in contempt and fixes your punishment at a fine of $100.

Now in the matter of the State of Oklahoma versus Leona Miller, what says the Defendant?

BY MR. ROZZELL: The Defendant announces ready, your Honor.

■ Before discussing the issues presented, we first note this Court is accepting jurisdiction under authority of 22 O.S.1971 § 1080, the Post-Conviction Procedure Act. Under this Act, relief is available to any person convicted of or sentenced for a crime. Criminal contempt is classified as a misdemeanor, Roselle v. State, Okl.Cr., 503 P.2d 1293 (1972) and consequently within the purview of this act.

The application of due process and the Sixth Amendment to contempt proceedings was first thoroughly discussed in Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925). This opinion guarantees a person alleged to be in contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. In the cases of Re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1947) and Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L. Ed.2d 532 (1971), the Supreme Court reaffirmed the above rule recognizing a distinguishable category of circumstances where the above procedures are not mandatory. Those excepted instances include only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent demoralization of the court's authority before the public. In Oliver, supra, the court specifically stated is some essential elements of the offense are not personally observed by the judge so that he must depend upon statements made by others for his knowledge about the essential elements, due process requires notice and a fair hearing.

■ The case at bench involves a hybrid situation in which the offense does in part occur in the presence of the court. That part obviously being the tardy appearance. However, it obviously does not fall within the category described in Oliver, supra. It should be pointed out that contempt as a general rule is rooted, when an order of the court is violated, in a wilful and intentional violation of the order. It is this Court's opinion the circumstances establishing an intentional disregard for a court's order to appear are not entirely in the presence nor observed by the trial court. The trial court under the circumstances is compelled to rely upon statements made by others to determine whether a person tardy for court proceedings was wilfully tardy. Consequently, before the court may find a person in contempt of court for tardiness, the due process requirements of Oliver, supra, and Cooke, supra, must be followed. A separate hearing on the issue of contempt must be held at a time following the alleged incident which affords the accused reasonable notice and time to prepare his defense, unless the record clearly manifests an intelligent waiver of these guarantees. The record does not so show in the case at bench.

■ In conclusion we note an act of God is not the exclusive defense to a trial court's allegation of contempt. The record in the case at bench manifests a requirement of attorneys always to be present when a case is scheduled, without allowing any flexibility. We find this requirement to be unrealistic. Considering this circumstance coupled with the constitutional violations, in the interest of justice, appellant's conviction for contempt of court is reversed and remanded with instructions to dismiss.

BRETT, Judge (specially concurring):

I concur in this decision. However, I feel compelled again to state my position

that this Court's decision in Roselle v. State, Okl.Cr., 503 P.2d 1293 (1972) should be overruled, but my admonitions are cast upon deaf ears. In response to my contentions, I am informed concerning contempt appeals that the Writ of Mandamus may be obtained to cause the trial judge to insert a "formal judgment and sentence" into the record when such is not contained in the original record.

Therefore, I admonish trial attorneys, when contempt proceedings are encountered that they must insist that the trial judge insert a printed formal judgment and sentence form into the original record for appeal, if the appeal is to be taken to this Court. Otherwise, the purported appeal will be dismissed because of the absence thereof.

I concur in this decision. The same results should have been reached when the appeal was initially considered by this Court.