**Michael H. BRADY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–78–536.**

Court of Criminal Appeals of Oklahoma.

July 24, 1979.

Mac R. Oyler, of Oyler & Smith, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Mary Kathleen Rhodes, Asst. Atty. Gen., for appellee.

## OPINION

PER CURIAM:

Appellant, Michael H. Brady, was convicted for the offense of Contempt in the District Court, Oklahoma County, Case No. CD–78–704, for the offense of Contempt in a summary proceeding on May 30, 1978, before District Court Judge Charles L. Owens. His punishment was fixed at a fine of One Hundred ($100.00) Dollars and from said judgment and sentence, a timely appeal has been perfected to this Court.

Appellant was attorney of record for Charles Dice, the defendant in a criminal case scheduled for pronouncement of judgment and sentence on May 30, 1978, at 9:00 a. m. Appellant appeared at 10:20 a. m. and was asked by Judge Owens if he knew any reason why he should not be punished for contempt. Appellant advised Judge Owens that he meant no disrespect to the court but that he was a single practitioner and was scheduled to appear in another case that morning at 8:30 a. m. He was advised by the City Attorney that the case would be dismissed and that he would not be there very long. Upon arriving at the city docket, he discovered to his dismay that another one of his cases had been added to the disposition docket without notice to him. He was thereafter ordered by the City Judge to stay for the docket. He was released from the city docket at approximately 10:00 a. m. at which time he notified his office to call Judge Owens' court and Judge Rakestraw's court and was advised that Judge Rakestraw had informed his office that another client's case would be heard in his absence if he did not immediately appear. He went by Judge Rakestraw's court for a stipulation adjudication and thereafter immediately went to Judge Owens' court.

Appellant asserts three assignments of error, only one of which we deem necessary to discuss in this opinion. That being that the court denied him due process in refusing to allow a hearing wherein witnesses could testify to show cause why he should not be held in contempt or in support of mitigation of punishment. This assignment of error is well taken. Although the trial court did listen to Appellant's explanation of his absence and inquired if he had "something further," the court did not grant Appellant reasonable notice in time to prepare his defense. To the contrary, in response to Appellant's question that if the court was going to hold a summary hearing and find him in contempt did he not have the right to have counsel present the trial court responded: "I don't need a hearing for some jury to tell me what a lawyer has done here." [Tr. 8].

In speaking to a similar issue in *Roselle v. State*, Okl.Cr., 509 P.2d 486 (1973), we stated:

"The case at bench involves a hybrid situation in which the offense does in part occur in the presence of the court. That part obviously being the tardy appear-

ance. However, it obviously does not fall within the category described in *Oliver*, [*In re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682] supra. It should be pointed out that contempt as a general rule is rooted, when an order of the court is violated, in a wilful and intentional violation of the order. It is this Court's opinion the circumstances establishing an intentional disregard for a court's order to appear are not entirely in the presence nor observed by the trial court. The trial court under the circumstances is compelled to rely upon statements made by others to determine whether a person tardy for court proceedings was wilfully tardy. Consequently before the court may find a person in contempt of court for tardiness, the due process requirements of *Oliver*, supra, and *Cooke*, [*Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767] supra, must be followed. A separate hearing on the issue of contempt must be held at a time following the alleged incident which affords the accused reasonable notice and time to prepare his defense, unless "the record clearly manifests an intelligent waiver of these guarantees. The record does not show in the case at bench."

"In conclusion we note an act of God is not the exclusive defense to a trial court's allegation of contempt. The record in the case at bench manifests a requirement of attorneys always to be present when a case is scheduled, without allowing any flexibility. We find this requirement to be unrealistic. . . ."

See also *Miskovsky v. State*, Okl.Cr., 586 P.2d 1104 (1978). While we are of the opinion that the Appellant is not entitled to a jury trial, the cause is accordingly REVERSED AND REMANDED WITH DIRECTIONS TO HOLD a contempt hearing consistent with this Court's holdings in *Miskovsky v. State*, supra, and *Roselle v. State*, supra.