**A. Visanio JOHNSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–79–196.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1979.

Mac Oyler, Oyler, Smith & Bane, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., William Brad Heckenkemper, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, A. Visanio Johnson was convicted for the offense of Contempt in a summary proceeding on December 11, 1978, in the District Court, Oklahoma County, Case No. CRF–78–4193, before Judge Jack R. Parr. His punishment was fixed at five (5) days in the county jail or a fine of One Hundred Dollars ($100.00) and from said judgment and sentence an appeal has been perfected to this Court.

Appellant was attorney of record for John Arthur Hicks Jr., the defendant in a criminal proceeding scheduled for trial on December 11, 1978, at 9:00 a. m. Appellant thereafter appeared before Judge Parr wherein the following occurred:

"THE COURT: All right, CRF–78–4193, State vs. John Arthur Hicks, Jr.

"MR. GEARY: Yes, sir, State's here and ready.

"MR. JOHNSON: If it please the Court, Your Honor, I'm representing the Defendant, and by default.

"THE COURT: Can't hear you.

"MR. JOHNSON: On a default plea.

"THE COURT: Where were you at 9 o'clock this morning, Mr. Johnson?

"MR. JOHNSON: I was over at City Court, Judge. I left there when I—I wasn't aware—I thought this trial was set for tomorrow, not today.

THE COURT: You were in City Court somewhere, and you thought this case was set for trial tomorrow?

"MR. JOHNSON: Yes.

"THE COURT: Why did you think it was set—

"MR. JOHNSON: Because I had the wrong case number on my book.

"THE COURT: Well, the minutes in the file show it was set for December the 11th, so your excuse that you thought it was somewhere else or some other day is insufficient. And when you failed to show up here for trial at 9 o'clock this morning, and I called your office at 11:15 and your secretary still hadn't been able to find you, didn't know anything about you. Now, do you have any excuse for not being here?

"MR. JOHNSON: Only what I offered.

"THE COURT: Just that you thought it was another day.

"MR. JOHNSON: I thought it was tomorrow, yes, sir.

"THE COURT: Well, I think that puts you in contempt of Court for failing to appear here for trial, and I'll be glad to hear anything you have to say before I sentence you at this time.

"MR. JOHNSON: Judge, all I can say, it was a mistake on my part. I've got it in my book. I thought it was tomorrow, and I would have been here. I've always been there on time.

"THE COURT: Call the sheriff.

"MR. JOHNSON: I always make my appearances, that's all.

"THE COURT: That's insufficient. Do you have anything else you'd like to say before the Court pronounces sentence?

"MR. JOHNSON: I have to apologize for having made a mistake. In thirteen years of practice I've never missed a trial like this, on a criminal docket, on civil either.

"THE COURT: It seems like every time your name comes up on the criminal docket, you're late. Now, this is the latest that I've seen you, 1:20 in the afternoon on a 9 o'clock docket. Do you have any other excuse for not being here at 9 o'clock this morning?

"MR. JOHNSON: No, I don't.

"THE COURT: Do you have anything else you want to say before the Court pronounces sentence for being in contempt of Court for failure to appear for jury trial on a felony trial docket until 1:20 in the afternoon?

"MR. JOHNSON: Nothing further than what I've already said.

"THE COURT: All right, the Court will commit you to custody for five days or until you pay a $100 fine for your failure to appear here at 9 o'clock this morning. Which you like to do?" [Tr. 2–4].

Defendant asserts three assignments of error, only one of which we deem necessary to discuss in this opinion. That being that the trial court denied Appellant's effective assistance of counsel, as well as denied due process of law under the United States and Oklahoma Constitutions. This assignment of error is well taken. In *Roselle v. State*, Okl.Cr., 509 P.2d 486, at 488 (1973) wherein the Appellant was likewise found guilty in a summary proceeding for being tardy for a court appearance we stated:

"The application of due process and the Sixth Amendment to contempt proceedings was first thoroughly discussed in *Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925). This opinion guarantees a person alleged to be in contempt of court be advised of charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have chance to testify and call other witnesses in his behalf, either by way of defense or explanation. In the cases of *Re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1947) and *Mayberry v. Pennsylvania*, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971), the Supreme Court reaffirmed the above rule recognizing a distinguishable category of circumstances where the above procedures are not mandatory. Those excepted instances include only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent demoralization of the court's authority before the public. In *Oliver*, supra, the court specifically stated is some essential elements of the offense are not personally observed by the judge so that he must depend upon statements made by others for his knowledge about the essential elements, due process requires notice and a fair hearing.

"The case at bench involves a hybrid situation in which the offense does in part occur in the presence of the court. That part obviously being the tardy appearance. However, it obviously does not fall within the category described in *Oliver*, supra. It should be pointed out that contempt as a general rule is rooted, when an order of the court is violated, in a wilful and intentional violation of the order. It is this Court's opinion the circumstances establishing an intentional disregard for a court's order to appear are not entirely in the presence or observed by the trial court. The trial court under the circumstances is compelled to

rely upon statements made by others to determine whether a person tardy for court proceedings was wilfully tardy. Consequently, before the court may find a person in contempt of court for tardiness, the due process requirements of *Oliver*, supra, and *Cooke*, supra, must be followed. A separate hearing on the issue of contempt must be held at a time following the alleged incident which affords the accused reasonable notice and time to prepare his defense, unless the record clearly manifests an intelligent waiver of these guarantees. The record does not so show in the case at bench."

As in *Roselle*, supra, the record in the instant case does not clearly manifest an intelligent waiver of the above stated guarantees.

The judgment and sentence is accordingly REVERSED AND REMANDED.

CORNISH, P. J., and BRETT, J., concur.