**Leslie BROWN, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–83–129.**

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1984.

Rehearing Denied March 26, 1984.

Leslie Brown, Jr., pro se.

Michael C. Turpen, Atty. Gen., Robert Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Leslie Brown, Jr., stands convicted of Direct Contempt of Court from the District Court of Pushmataha County. He was sentenced to serve a term of fifteen days in the county jail, and to pay a fine of five-hundred dollars ($500).

The appellant is an attorney from Muskogee, Oklahoma, who was retained by Willie Warhop to defend Warhop in a Pushmataha County criminal action. Warhop was charged on October 12, 1980, with the crime of Shooting with Intent to Kill. Prior to the appellant's entrance in the case, four continuances were granted, a change of venue from McCurtain County to Pushmataha was ordered and Warhop changed attorneys three or four times.[1] The appellant filed his entry of appearance and simultaneous motion for continuance on November 1, 1982.

On November 3, the day set for Warhop's trial to begin, the appellant appeared in the District Court of Pushmataha County, without the files, records and necessary witnesses to defend the case, because he assumed that he would be granted a continuance pursuant to his motion. A district judge heard the appellant's argument in support of the motion for continuance, ascertained that the appellant had been in possession of a copy of the transcript of Warhop's preliminary hearing for at least one month prior to November 3, and further ascertained that the appellant was representing Warhop in a civil suit concerning the same transaction from which his criminal charges arose. Based upon this information and the extensive history of the case (see footnote 1, supra), the trial court ordered the trial to proceed.

The appellant then informed the judge he was unprepared to proceed, and requested permission to withdraw. The motion to withdraw was denied. Upon the appellant's continued refusal to proceed, the judge granted him a 2½ hour continuance. When court reconvened at 1:00 p.m., the appellant refused to proceed. The judge dismissed the venire panel and, after further questioning, charged the appellant with direct contempt. He set the matter to be heard by another judge at 2:00 p.m. that same day.

At the 2:00 hearing, the appellant asked the judge whether he had the right to representation by an attorney, and was informed that he did not. He was then given the opportunity to explain his refusal to proceed as defense counsel in Warhop's case. Following all arguments concerning the matter, the appellant was adjudged guilty of Direct Contempt of Court, and was sentenced as set forth above.

 Our first consideration must be whether the appellant's refusal to proceed with Warhop's trial constituted direct contempt under our statute. Title 21 O.S. 1981, § 565, delineates the type of behavior considered to constitute direct contempt:

---

1. A brief history of Warhop's pre-trial proceedings is as follows: The preliminary hearing was held June 28, 1981; Warhop's motions for continuance because the transcript of the preliminary hearing was not yet ready were granted on June 17, 1981, July 15, 1981, and August 19, 1981; a change of venue was ordered on April 12, 1982; the State was granted a continuance due to the unavailability of a witness on April 15, 1982; on July 15, 1982, Warhop's attorney was allowed to withdraw, because Warhop had obtained other counsel; in August and September of 1982, it became unclear who, if anyone was representing Warhop, thus a hearing on the matter was held on September 23, 1982; as a result of that hearing, the court appointed an attorney to represent Warhop, but that attorney determined that a conflict existed, thus another attorney was appointed; the second appointed attorney represented Warhop until the day of trial, November 3, 1981, at which time he appeared with Appellant Brown, explained that Warhop had retained the appellant; and at the appellant's urging, the trial court granted the other attorney's motion to withdraw.

Direct contempts shall consist of disorderly or insolent behavior committed during the session of the court and in its immediate view, and presence, and of the unlawful and willful refusal of any person to be sworn as a witness, and the refusal to answer any legal question; and any breach of the peace, noise or disturbance, so near to it as to interrupt its proceedings, shall be deemed direct contempts of court, and may be summarily punished as hereinafter provided for.

This Court has held that this definition encompasses "... conduct that is directed against the dignity and authority of the court or a judge acting judicially, obstructive of the administration of justice and disrespectful of the majesty of the state." *Roselle v. State*, 503 P.2d 1293 (Okl.Cr.1972) at 1294; *Smith v. State ex rel. Raburn*, 536 P.2d 976 (Okl.Cr.1975). We are convinced that the appellant's appearance in court on the day set for his client's trial, knowing that he could not proceed and having no foundation upon which to rest his assumption that another continuance would be granted, constitutes disorderly behavior directed against the dignity and authority of the judge and the administration of justice.

The appellant first alleges that he should have been afforded the right to counsel. The application of due process and the Sixth Amendment to contempt proceedings includes the right to be represented by counsel. *Johnson v. State*, 599 P.2d 416 (Okl.Cr.1979); *Nuckols v. Van Wagner*, 511 P.2d 1110 (Okl.Cr.1973). However, there is a limited category of circumstances, under which the appellant's case falls, where this right is not constitutionally mandated. Citing *Mayberry v. Pennsylvania*, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971); *Re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1947), this Court noted in *Johnson*, supra, that:

Those excepted instances include only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent demoralization of the court's authority before the public. 599 P.2d at 418.

■ All these elements exist in the present case. The appellant's refusal to proceed with the trial was done in open court, in the judge's presence and observed by him.[2] Failure to conduct the trial certainly disturbed the court's business.

Furthermore, in light of the facts surrounding this case, we are convinced that immediate punishment was essential to prevent demoralization of the court's authority before the public. The case which the appellant had been retained to defend concerned a controversial figure, whose actions were proximate in place and time to a nationally publicized racial incident in Idabel, Oklahoma. The case had been continuously delayed for more than a year. Special arrangements had to be made to hold the trial in another building in Antlers on the day it was set. Moreover, Warhop had dismissed his originally retained attorney; failed to make known to the State and to the court the identity of his new attorney, if any; and subsequently dismissed that attorney in favor of the appellant shortly prior to trial. The appellant assented to the withdrawal of his predecessor, even though he knew he would not proceed to trial should the motion for continuance be overruled.

It is also apparent that the appellant was not without opportunity to prepare Warhop's defense prior to the day of trial. He had been in possession of the transcript of Warhop's preliminary hearing since September of 1982. Furthermore, he was the attorney representing Warhop in Warhop's Federal Civil Rights suit stemming from

---

**2.** The summary proceeding was held before another judge pursuant to past holdings of this Court. See, *Smith v. State ex rel. Rayburn*, supra. However, the acts which eventually resulted in the appellant's contempt citation by the second judge all occurred before the first, within the meaning of *Mayberry*, supra; and *Re Oliver*, supra.

the same shooting incident. He had knowledge of the facts and events surrounding the incident, as well as the identity of witnesses.

Considered collectively, all these factors lead to the conclusion that it was in the best interest of justice for the trial court to swiftly sanction the appellant's conduct. We therefore cannot say the district court erred in its determination that the appellant had no right to an attorney. *Johnson,* supra.

■ The appellant's third allegation of error is that the trial court abused its discretion by refusing to allow him to withdraw from the case when the motion for continuance was denied, because his participation would have been unethical. We need only note that, as the above discussion illustrates, the appellant knowingly and deliberately placed himself into the dilemma which resulted in his contempt citation. If any ethical violation were to result from the appellant's participation in Warhop's case, it was of his own doing, and he cannot now complain of the trial court's justified refusal to bail him out. There was no abuse of discretion.[3]

Lastly, the appellant complains the sentence assessed in this case is excessive. We are of the opinion that under the facts and circumstances herein presented, the sentence should be modified from a term of confinement of fifteen days' to a term of five days confinement, and as so MODIFIED, the judgment and sentence is AFFIRMED.

BRETT, J., specially concurs.

CORNISH, J., dissents.

BRETT, Judge, specially concurring:

I am compelled to agree with Judge Bussey that appellant's conduct certainly fell within the bounds of this Court's statement in *Johnson,* supra. Appellant's conduct certainly disturbed the court's business, when he agreed to the withdrawal of the

court-appointed counsel; and then, when he appeared in court without his case file. In short, appellant was knowingly or unknowingly attempting to control the court's docket. Notwithstanding the fact that appellant had been in the practice of law for little over two years, he should have known that the granting of his motion for continuance was a matter within the court's discretion. Knowing that the court might deny the motion, he should have also known that the trial would proceed if the motion was denied. If he didn't know that fact at the time of this trial, he certainly will know it in the future.

Insofar as this Court is modifying the jail sentence to five days, I feel compelled to concur in this decision. However, I admonish appellant that he may consider the provisions of 22 O.S.1981, § 994, for a suspension of that portion of his sentence. However, I presume that action will depend upon appellant's properly purging his contempt to the satisfaction of the trial court. I see little to be gained by the jail sentence and believe the fine will serve the same purpose.

---

**3.** The appellant also argues that the trial court abused its discretion in failing to grant a continuance in Warhop's case. We would note that *this assignment of error concerns not the appellant's case, but Warhop's;* and if raised at all, is to be brought by Warhop, should any appeal result from his case. Nonetheless, our analysis and disposition of the other issues in this case addresses the tangential concerns the appellant raises.