**Ronald E. PITTMAN and Nancy Pittman, Appellants,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–84–533.**

Court of Criminal Appeals of Oklahoma.

April 22, 1986.

Robert M. Looney, Lawton, for appellants.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellants, Ronald E. Pittman and Nancy Pittman, were charged, tried, and convicted for the offense of Indirect Contempt of Court, in the District Court of Comanche County, Case No. JFJ–82–262. Their punishment was assessed at thirty (30) days in the Comanche County Jail, with fifteen (15) days suspended. We affirm.

On January 25, 1984, the Juvenile Division of the District Court entered an order *In the Matter of K.M.P.*, an alleged de-

prived child. The order contained the following pertinent provisions:

4. That said child should have no unexcused absences from school. Further, that said child should be absent from school only due to illness.

\* \* \* \* \* \*

13. That the parents of said child should not leave the State of Oklahoma without prior permission of the Court.

14. That a formal review should be held March 8, 1984, at 3:30 p.m. with parties to return in lieu of summons...

Evidence adduced at trial revealed that the appellants are the parents of K.M.P., that the appellants failed to return to court and were in default at the formal review hearing held on March 8, 1984, in violation of paragraph 14 of the District Court's order. It was also adduced at trial that the appellants and K.M.P. were in Canada on the aforementioned date, thus violating paragraphs 4 and 13 of the District Court's order.

### I.

■ In their first assignment of error, the appellant's contend that the trial court erred by failing to advise the appellants of their right to jury trial and obtaining a waiver thereto. We disagree. The Constitution of the State of Oklahoma provides that persons charged with contempt are *"entitled* to a trial by jury as to the guilt or innocence of the accused." Okla. Const. art. II, § 25 (emphasis added). The Oklahoma legislature has further provided that a "party so charged [with indirect contempt] shall, *upon demand,* have a trial by jury." 21 O.S.1981, § 567 (emphasis added). This Court has also held "[i]f a contempt is indirect, the person so charged, *upon demand,* has a right of trial by jury as to guilt or innocence." *Blanton v. State,* 31 Okl.Cr. 419, 239 P. 698, 701 (1925) (emphasis added).

In the case at bar, the record discloses no such demand for a jury trial at the time of the hearing before the District Court. The

record further discloses that the appellants were represented by counsel, and that counsel also failed to request a jury trial on the behalf of the appellants. Such right to jury trial is therefore waived. *Cf. Ex Parte Norris,* 268 P.2d 302 (Okl.Cr.1954) (counsel for juvenile in delinquency action did not demand jury trial thereby waiving child's right to such). Accordingly, this assignment of error is without merit.

### II.

■ In their second assignment of error, the appellants contend that the trial judge should have disqualified himself from acting as trier of fact for the reason that the record discloses a lack of objectivity. We disagree. Disqualification of a trial judge in contempt proceedings is controlled by 21 O.S.Supp.1984, § 565.1(E), which provides:

The judge before whom courtroom misconduct occurs may impose appropriate sanctions including punishment for contempt. *If the judge's conduct was so integrated with the contempt that he contributed to it or was otherwise involved or his objectivity can reasonably be questioned, the matter shall be referred to another judge.* [Emphasis added].

The statute is silent as to whether the emphasized language applies to direct contempt, indirect contempt, or both. Even though the first sentence implies direct contempt, *see* 21 O.S.1981, § 565, we hold that the emphasized language is applicable in both direct and indirect contempt proceedings.

■ In a direct contempt proceeding, this Court, in *Ingram v. State,* 650 P.2d 888 (Okl.Cr.1982), held that there are two primary considerations to determine if a judge should disqualify himself, based on the American Bar Association Standard now codified as 21 O.S.Supp.1984, § 565.1, *supra.* The first consideration is the extent to which a judge's conduct is integrated in the contempt. The second consideration is whether the contempt mandates immediate action. These considerations are

equally applicable in indirect contempt proceedings.

 Indirect contempt proceedings involve additional policy considerations, however. Since indirect contempt is based on a disobedience of any process or order of the court, the judge of record is most familiar with the circumstances surrounding the issuance of the said process or order. The cause is most appropriately before him, then, as trier of fact. Secondly, there is a general presumption of impartiality on the part of judges as to matters before them. *See United States v. Hall*, 536 F.2d 313 (10th Cir.1976). Lastly, in an indirect contempt action, the complaint is generally initiated by the State of Oklahoma or a third party. Only when a judge's conduct is so intertwined in the contempt, or when such conduct clouds his objectivity, is it necessary for the trial judge to then disqualify himself.

In the instant case, the trial judge initiated the complaint of indirect contempt against the appellants. As a general practice in cases when the trial judge initiates the complaint, the judge should disqualify himself to prevent the appearance of bias, prejudice, or partiality. However, the record in the instant case discloses no evidence of bias, prejudice or partiality. The appellants received a fair and impartial trial. The evidence against the appellants was substantial. Further evidence of the judge's objectivity can be demonstrated by his suspension of 15 days of the thirty day sentence after the presentation of mitigating evidence. The trial court's actions were objective and appropriate. Accordingly, this assignment of error is without merit.

### III.

In their third assignment of error, the appellants contend that the order of May 2, 1984, imprisoning appellants for contempt of court, is void for failing to set forth the substance of the offense. We disagree. When a person is sentenced for contempt, the substance of the offense must be set forth in the order for confinement and made a matter of the record, pursuant to 21 O.S.1981, § 568. In the instant case, the substance of the appellants' offense was set forth with sufficient clarity in the order dated May 1, 1984. The order dated May 2, 1984, which suspended 15 days of the sentence, did not vitiate the preceeding order. The order dated May 1, 1984, disclosed the necessary facts upon which the judgment for contempt resulted, thereby fulfilling 21 O.S.1981, § 568. Therefore, this assignment of error is wholly without merit.

### IV.

In their last assignment of error, the appellants assert that the verdict of the trial court was not supported by evidence. We disagree. There is competent evidence in the record which supports the verdict of the trier of fact. This assignment of error is wholly without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.