Joseph O. MINTER, V., Appellant,

v.

STATE of Oklahoma, Appellee.

No. M-87-948.

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1988.

Rehearing Denied Dec. 30, 1988.

Joseph O. Minter, IV., Minter & Minter, Madill, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Joseph O. Minter, V., appellant, was found in direct contempt of court (21 O.S. 1981, § 565), in the District Court of Johnson County, the Honorable Gary L. Lumpkin, District Judge, presiding, and sentenced to sixty (60) days incarceration in the county jail, with all but five days suspended, subject to the condition that appellant pay a fine of two hundred ($200) dollars and costs of $1,249.16 for the aborted jury trial. We affirm in part and vacate in part.

Appellant is an attorney who represented a defendant charged with shooting with intent to kill. On August 13, 1987, the second day of trial, after an unfavorable evidentiary ruling, appellant announced to the court that, in light of the court's ruling, he would no longer continue with the trial. Three times the judge ordered appellant to proceed, advised him that his failure to proceed would constitute direct contempt of court, notified him of the penalties for direct contempt, and counseled appellant on the proper procedure for challenging an adverse evidentiary ruling. Three times

appellant refused to proceed. The court found appellant in direct contempt of court, declared a mistrial, dismissed the jury, and scheduled a contempt hearing for the next morning.

On August 14, 1987, the court conducted a contempt hearing. Appellant appeared with counsel, took the stand to explain his actions taken at trial, and counsel made closing argument on appellant's behalf. The court found appellant guilty of direct contempt and imposed punishment as mentioned above.

For his first assignment of error, appellant asserts he was denied a full and fair opportunity to be heard prior to imposition of punishment. Appellant does not deny, nor can he, that he willfully obstructed the administration of justice, that he was given three clear warnings his conduct was impermissible and of the potential sanctions for direct contempt, or that he was informed by the trial court of its intention to institute contempt proceedings. 21 O.S. Supp.1984, § 565.1(A), (B), (C) and (D). Rather, appellant argues the contempt hearing was one of form and not of substance because the court had determined his guilt and punishment prior to the hearing on August 14.

■ The question is whether appellant received full procedural due process at the contempt hearing, which was held to satisfy the constitutional requirement that "[i]n no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given." Okla. Const. Art. II, § 25. An opportunity to be heard includes the right to be advised of the charge, the right to a reasonable opportunity to meet the charge by way of defense or explanation, the right to be represented by counsel, and the right to testify and call witnesses by way of defense or explanation. *Suter v. State*, 588 P.2d 578, 579 (Okla.Crim.App. 1978). After carefully reviewing the transcript of the contempt hearing, we find appellant received a full and fair opportunity to be heard before penalty or punishment was imposed. This assignment is without merit.

For his second assignment of error, appellant complains the trial judge erred by refusing to refer the contempt hearing to another judge. Title 21 O.S.Supp.1984, § 565.1(E), provides: "The judge before whom courtroom misconduct occurs may impose appropriate sanctions including punishment for contempt. If the judge's conduct was so integrated with the contempt that he contributed to it or was otherwise involved or his objectivity can reasonably be questioned, the matter should be referred to another judge."

■ There is a general presumption of impartiality by a judge as to the matters before him. *Pittman v. State*, 718 P.2d 366, 369 (Okla.Crim.App.1986). Only when a judge's conduct is so intertwined in the contempt, or when such conduct clouds his objectivity, is it necessary for the trial judge to disqualify himself. *Id.* The trial judge should refer the matter to a fellow judge where the contemptuous conduct involves a personal attack on his character, *Ingram v. State*, 650 P.2d 888, 891 (Okla. Crim.App.1982), or on his person.

■ Appellant refused to continue representing his client at trial, citing professional responsibility grounds and that his refusal to proceed was an act of conscience as a follower of "the philosophy of Thoreau, Ghandi and King, and I cannot do what I cannot do." (Tr. of Aug. 13 at 192). While we do not question appellant's sincerity for refusing to continue the trial, whether a direct contempt has been committed does not depend on the intention of the contemnor but on the act done by him. *Young v. State*, 275 P.2d 358, 368 (Okla.Crim.App. 1954) (*overruled on other grounds, Gilbert v. State*, 648 P.2d 1226, 1231 (Okla. Crim.App.1982)). The definition of direct contempt encompasses " 'conduct that is directed against the dignity and the authority of the court or a judge acting judicially, obstructive of the administration of justice and disrespectful of the majesty of the state.' " *Brown v. State*, 677 P.2d 1089, 1091 (Okla.Crim.App.1984) (Quoting *Roselle v. State*, 503 P.2d 1293, 1294 (Okla. Crim.App.1972), *overruled on other*

*grounds, Gilbert v. State,* 648 P.2d 1226, 1231 (Okla.Crim.App.1982)).

█ Here, appellant attacked neither the character nor the person of the trial judge but rather his evidentiary ruling. His refusal to proceed resulted in the collapse of this criminal prosecution and constituted an obstruction of the administration of justice. Appellant knowingly and deliberately placed himself into the dilemma which resulted in his contempt citation. *Brown,* 677 P.2d at 1092. We conclude the trial judge's conduct was not so integrated in the contempt that his objectivity could reasonably be questioned, and find no abuse of discretion by the court's refusal to refer the matter to another judge.

For his third assignment of error, appellant argues the trial judge exceeded his jurisdiction by assessing costs of the entire jury panel in the amount of $1,249.16. Appellant relies on a civil case in which the Court of Appeals found a court does not have inherent power to assess costs not imposed by statute and the power to assess litigation expenses is generated only by statute. *Sellers v. Johnson,* 719 P.2d 476, 479 (Okla.Ct.App.1986).

█ The three elements of jurisdiction are (1) in personam jurisdiction, (2) subject matter jurisdiction, and (3) jurisdictional power to pronounce the particular judgment rendered. *Chandler v. Denton,* 747 P.2d 938, 942 (Okla.1987); *Mayhue v. Mayhue,* 706 P.2d 890, 893 n. 8 (Okla.1985). It is the third leg of jurisdiction appellant challenges.

█ In Oklahoma, the boundaries of the power to punish for contempt of court are fixed by constitutional and statutory provisions and the statutory definition of contempt has superceded that of the common law. *Smith v. State ex rel. Raburn,* 536 P.2d 976, 979 (Okla.Crim.App.1975); *Woody v. State ex rel. Allen,* 572 P.2d 241, 243 (Okla.Crim.App.1977).

Title 21 O.S.Supp.1984, § 566, confers jurisdiction on a court to impose punishment for contempt: "Unless otherwise provided for by law, punishment for direct or indirect contempt shall be by the imposition of a fine in a sum not exceeding Five Hundred Dollars ($500.00) or by imprisonment in the county jail not exceeding six (6) months, or by both, at the discretion of the court." The statute does not confer jurisdictional power on the court to punish contempt by imposing payment of litigation costs. However, in this case, the court did not impose payment of litigation costs as part of the punishment; rather, the court suspended all but five days of the sentence and imposed the payment of litigation costs as a condition of the suspended sentence.

The legislature, in exercising its authority to regulate punishment for contempt under Article II, § 25, has not expressly granted statutory authority to a court to suspend a contempt sentence and impose conditions on the suspended sentence. The sentencing statute does, however, refer to "unless otherwise provided for by law" as part of its grant of jurisdiction to punish for contempt. In an analogous statute, the legislature has conferred jurisdictional power on a court to suspend a sentence in 22 O.S.Supp.1985, § 991a, and the court may condition the suspended sentence by ordering payment of restitution to the victim, reimbursement to the state for hospital and medical expenses incurred by the victim, engagement in community service without compensation, or payment of a reasonable amount into a trust for restitution to victims, but the court may also impose a fine prescribed by law for the offense. 22 O.S.Supp.1985, § 991a(A)(1) & (2).

█ The powers conferred on a court by this analogous statute do not include assessment of the costs of litigation as a condition of a suspended sentence. We, therefore, conclude the trial court exceeded its jurisdiction by ordering appellant to pay litigation costs of $1,249.16 as a condition of the suspended sentence. That portion of the judgment is accordingly vacated.

For his final assignment of error, appellant argues the trial court erred by filing a counter designation of record under the authority of Rule 2.5(B). Title 22 O.S.1981, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 2.5(B). Rule 1.2(D)(6) provides that review of judgment in con-

tempt cases within the jurisdiction of this Court is governed by the misdemeanor rules of Sections II and III. Rule 2.5(B) contemplates the normal appellate procedure where the executive branch brings charges and prosecutes. The district attorney, as agent for the executive branch, is authorized to file a counter designation of record to ensure a sufficient record is presented to resolve the issues raised on appeal. This Court's rules, however, are silent as to who has authority to file a counter designation of record in contempt cases.

■ Direct contempt proceedings are neither civil nor criminal but *sui generis. Gilbert v. State,* 648 P.2d 1226, 1231 (Okla. Crim.App.1982). Direct contempt is not a criminal prosecution instituted by the executive branch. *See Young,* 275 P.2d at 371. Rather, direct contempt proceedings are instituted and prosecuted by the judicial branch by authority of Article II, § 25, of the Oklahoma Constitution.

■ When the designation of record for direct contempt is inadequate to provide a sufficient record to ensure full resolution of the issues raised on appeal, the trial judge must, of necessity, have inherent power to file a counter designation of record on his own motion. We find no abuse of discretion by the trial judge in ordering a counter designation of record.

Accordingly, the judgment of direct contempt of court is AFFIRMED, but the imposition of litigation costs in the amount of $1,249.16 imposed as a condition of the suspended sentence is VACATED for lack of jurisdiction.

BRETT, P.J., and BUSSEY, J., concur.